```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
```

CRAIG McPHERSON,

        Petitioner,

  -against-

UNITED STATES OF AMERICA,

        Respondent.

<u>MEMORANDUM & ORDER</u>

02-CV-5963 (CBA)

```
------------------------------X
```
AMON, UNITED STATES DISTRICT JUDGE:

<u>Introduction</u>

    Craig McPherson brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. He claims that his defense counsel was constitutionally ineffective insofar as counsel did not object to the imposition of a term of imprisonment for his violation of supervised release. For the reasons set forth below, this argument is without merit and the petition is denied.

<u>Background</u>

    McPherson was convicted upon a guilty plea to one count of conspiring to import cocaine in violation of 21 U.S.C. § 952(a). On February 19, 1993, he was sentenced to a term of imprisonment of sixty months to be followed by five years of supervised release. At a hearing held on March 12, 2002, McPherson pleaded guilty to a violation of his supervised release, to wit, the use of controlled substances. The Court revoked McPherson's supervised release and sentenced him to a term of imprisonment of

twenty months to be followed by a one-year term of supervised release.  In this action, McPherson argues that he was denied the effective assistance of counsel in connection with the March 12, 2002 proceeding, because counsel did not object to the imposition of an additional term of imprisonment for the violation of supervised release.

## Discussion

In Apprendi v. New Jersey, the Supreme Court held that any fact, other than the fact of a prior conviction, that "increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). McPherson argues that his original five-year term of supervised release was in violation of Apprendi because the indictment failed to allege any specific or approximate quantity of narcotics in connection with the conspiracy to import charge.  In McPherson's view, the five-year term of supervised release exceeded the statutorily-authorized maximum term and therefore could only have been lawfully imposed if the jury had made specific findings as to the quantity of narcotics at issue.

Although McPherson does not seek to have his original sentence vacated at this time, he relies on the alleged illegality of that sentence in arguing that defense counsel was

2

constitutionally ineffective for failing to object to an additional term of imprisonment imposed as a result of a late-term violation of his supervised release. McPherson argues that, if his initial term of supervised release had been limited to a statutorily-authorized period of three years, he would not have been on supervised release at the time of the alleged violation and therefore would not have been subject to an additional term of imprisonment. He believes that his defense counsel should have objected to the imposition of a subsequent sentence on the ground that the original five-year term of supervised release was unlawful. In petitioner's view, if counsel had objected, no additional term of imprisonment would have been imposed.

In order to obtain habeas relief for a claim of ineffective assistance of counsel, a petitioner must establish: (1) that counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Id. at 694. Applying this standard, courts have required habeas petitioners to show that "counsel's performance was so deficient and counsel's errors were so serious that he or she was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Cuevas v. Henderson, 801 F.2d 586, 589 (2d Cir. 1986). Counsel's performance must be judged in view of "all the

circumstances at the time the claimed errors occurred," and to make a successful showing, a petitioner must overcome a "strong presumption that counsel's conduct fell within the wide range of reasonable assistance."  See id.

In this case, it is clear that defense counsel's performance was not constitutionally ineffective.  In order to raise an objection to the imposition of an additional term of imprisonment, counsel would have had to attack the lawfulness of the term of supervised release originally imposed.  The only available vehicle for such an attack would have been a § 2255 petition for habeas corpus, and such a petition would not have been successful for two reasons.  First, it would have been time-barred, because it would not have been filed within the one-year period of limitations applicable to § 2255 habeas petitions.  See 28 U.S.C. § 2255.  Second, it would have failed on the merits because Apprendi is not retroactively applicable to cases on collateral review, and Apprendi was decided after McPherson's sentence was imposed.[1]  Coleman v. United States, 329 F.3d 77, 90 (2d Cir. 2003) ("Apprendi does not apply retroactively to initial section 2255 motions for habeas relief.").  A challenge to the original term of supervised release therefore would not have been meritorious, and failure to make a non-meritorious motion does

---

[1] Contrary to McPherson's suggestion, it is of no consequence that the additional sentence for the supervised release violation was imposed after Apprendi was decided.

4

not amount to constitutionally deficient performance.  See United States v. Boothe, 994 F.2d 63, 69 (2d Cir. 1993) (counsel's failure to make frivolous motions does not meet the Strickland test).  Moreover, McPherson has not shown that he was prejudiced by counsel's failure to raise the challenge he now suggests, because such a challenge would have failed for the very same reasons set forth above.

In addition, even if Apprendi were retroactively applicable, defense counsel would not have been ineffective for failing to challenge the sentence originally imposed, as that sentence comported with applicable statutory requirements.  The statute prohibiting the importation of an unspecified amount of cocaine provides for a minimum term of supervised release of "at least 3 years."  21 U.S.C. § 960(b)(3).  Because this crime, punishable by a maximum term of imprisonment of twenty years, is a Class C felony, the general supervised release statute calls for a maximum term of supervised release of three years "[e]xcept as otherwise provided . . . " 18 U.S.C. § 3583(b)(2).  McPherson's case is one where this statutory exception is deemed to apply, because compliance with the substantive requirements of § 3583(b) would render the "at least" language of 21 U.S.C. § 960(b)(3) irrelevant, and courts "generally avoid constructions that render portions of a statute superfluous."  United States v. Eng, 14 F.3d 165, 172 (2d Cir. 1994).

Where the minimum term of supervised release specified in the statute under which a defendant is convicted is the same as the maximum term specified in § 3583(b), § 3583(b) is inapplicable and a district court is authorized to impose a term of supervised release in accordance with the specific substantive statute, here 21 U.S.C. § 960(b)(3). See Eng, 14 F.3d 173. Because § 960(b)(3) does not specify a maximum term of supervised release, the statute, read in light of Eng, must be understood to authorize a lifetime term of supervised release. The five-year term imposed in this case clearly falls within this range.[2] See id. (where substantive statute called for supervised release term of "at least 5 years" and maximum term under § 3583(b) was five years, district court did not violate § 3583(b) in sentencing the defendant to a lifetime term of supervised release). Defense counsel therefore would have had no viable basis upon which to object to the five-year term of supervised release, and cannot be considered constitutionally ineffective for failing to do so.

## Conclusion

McPherson has failed to establish that defense counsel was constitutionally ineffective in violation of his Sixth Amendment rights. Accordingly, this petition for a writ of habeas corpus

---

[2] McPherson errs in arguing that the sentencing court was only authorized to impose a three-year period of supervised release.

6

pursuant to 28 U.S.C. § 2255 is without merit and is denied.  A certificate of appealability will not issue, as McPherson has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

    SO ORDERED.

Dated:    Brooklyn, New York
          May 16, 2005

                                      Carol Bagley Amon
                                      United States District Judge